IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TACOREY KILLEBREW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 15 C 6572 |
| ) | |
| COOK COUNTY JAIL SHERIFF ) | |
| TOM DART, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Earlier this week pro se prisoner plaintiff Tacorey Killebrew ("Killebrew") utilized the printed form titled "Complaint Under the Civil Rights Act, Title 42 Section 1983 U.S. Code" -- a form provided by the Clerk's Office for use by such pro se plaintiffs -- to institute an action against Cook County Sheriff Thomas Dart and a group of individuals who work at the Cook County Department of Corrections ("County Jail," where Killebrew is in custody), charging each defendant with a claimed violation of Killebrew's constitutional rights in violation of 42 U.S.C. § 1983 ("Section 1983").[1] Killebrew has accompanied the Complaint with two other Clerk's-Office-provided forms: (1) an In Forma Pauperis Application ("Application"), which as

_____

[1] As in Killebrew's earlier lawsuit referred to later in the text, the current Complaint's caption also lists the City of Chicago as a defendant, although the City is not included among the "defendants" named in the appropriate portion of the Complaint itself (Complaint § II). Moreover, nothing in Killebrew's Statement of Claim (Complaint § IV) even hints at any involvement by the City itself in the events giving rise to Killebrew's claim -- yet his claim for relief (Complaint § V) asks for an award of $300,000 from the City. Under the circumstances that portion of his claim is totally frivolous, and all references to the City of Chicago are stricken from the Complaint.

explained later lacks an essential adjunct, and (2) a Motion for Attorney Representation ("Motion"), which totally lacks its most critical ingredient.

Killebrew has to know better -- and he clearly does -- because this effort on his part is an attempted rerun of his earlier conduct in Case No. 15 C 1451, which came to grief via its dismissal pursuant to this Court's brief April 30, 2015 memorandum order ("Order II"). As a review of the 15 C 1451 case file reveals, that dismissal was compelled because of Killebrew's ongoing failure to comply with the clear directives of an earlier (March 13, 2015) memorandum order ("Order I") despite his having been given more than six weeks to do so. Moreover, that earlier aborted action has left Killebrew indebted to this District Court for the $350 filing fee attributable to its institution. This opinion therefore turns to that subject before focusing on its impact on Killebrew's current attempted rerun.

As far back as <u>Newlin v. Helman</u>, 123 F.3d 429 (7th Cir. 1997),[2] Judge Frank Easterbrook wrote this for the panel about the effect of a prisoner's filing of a notice of appeal (1) on his or her obligation to pay the requisite filing fee and (2) on the applicability of the modification that the Prison Litigation Reform Act had made to 28 U.S.C. § 1915 ("Section 1915"):

> Because Griffin cannot defer payment of the appellate fees, he must pay them in full immediately. If he does not remit $105 within 14 days, his appeal will be dismissed for failure to pay the fees. See Circuit Rule 3(b). Whether or not the appeal is dismissed, however, Griffin <u>owes</u> $105 to the United States. That obligation is incurred by filing a notice of appeal; it cannot be avoided by dismissing the appeal, or by failing to pay when the fees are due. And we think that the fee may be collected from the prisoner's trust account using the mechanism of § 1915(b). Although that mechanism is principally designed to handle partial <u>pre</u>-payments of fees, the lead sentence of § 1915(b)(1), which we

_____

[2] Although another aspect of <u>Newlin</u> has since been overruled, what is dealt with in the text remains good law today.

have already quoted, says that the prisoner who "files an appeal in forma pauperis" must pay in full using the progress-payment approach. We read this language to mean "files an appeal, and seeks to proceed in forma pauperis". Whether the prisoner receives that boon is determined later; whether he had an obligation to pay is determined at the instant he files the appeal. Any other reading would mean that the weakest, most malicious appeals would escape effective collection, while prisoners with more substantial claims would have to pay in full. That would not be a plausible understanding of the PLRA.

In that light Killebrew's attempted institution of this lawsuit without arranging for the payment of what he owes because of his earlier delinquency in the 15 C 1451 case is totally unacceptable. And on the present record this Court is not in a position to address that requirement on an informed basis, for Killebrew has once again repeated the identical failure that was described in these terms in Order I in his earlier lawsuit:

> Killebrew's Application is deficient in its failure to provide all of the information called for by Section 1915(a)(2), for it does not contain a certified copy of his trust fund statement for the six month period immediately preceding the filing of the Complaint. Instead Killebrew has included only a certification by a jail official detailing his financial status.

Accordingly this action will not be permitted to go forward until Killebrew provides the necessary printout of transactions in his trust fund account, at which point this Court hopes to be able to devise an appropriate arrangement for dealing with Killebrew's self-created delinquency. And as an essential corollary to the required printout, it will also be important to ascertain the date when the current Complaint was "filed" in terms of the "mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988) -- that is, the date on which Killebrew either mailed the lawsuit papers himself or delivered them to the authorities at the County Jail for mailing.[3]

---

[3] On that score, Killebrew has dated his signature on the Complaint July 21, 2015, the same date that the fiscal officer at the County Jail affixed to his Certificate at the foot of the Application. With all of Killebrew's documents having arrived at the Clerk's Office on July 27, the precise "filing" date is unlikely to make a difference, but for total precision it would be useful

(continued)

No court would be required to tolerate the irresponsible sort of game-playing exhibited by Killebrew here if it had been engaged in by or on behalf of a non-prisoner litigant, and although the federal courts are properly solicitous of the difficulties faced by any nonlawyer handling his or her own lawsuit, that does not extend to giving Killebrew a free pass because he is a prisoner. Accordingly Killebrew is ordered to provide the missing input on or before August 24, 2015, and this Court will take no action to move the case forward until that information is in hand.

                                                       *[signature]*
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: July 31, 2015

---

(footnote continued)
for Killebrew to specify the "filing" date. In any event, the required trust fund account printout should run from January 21, 2015 or earlier to July 27, 2015.