IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TACOREY KILLEBREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 6572 |
| | ) | |
| COOK COUNTY JAIL SHERIFF | ) | |
| TOM DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This Court will not review the extended bidding in connection with the repeated failures by pro se prisoner plaintiff Tacorey Killebrew ("Killbrew") to provide information needed to enable Killebrew to proceed with his proposed lawsuit. Instead it will only voice its frustration at Killbrew's continued inability to comply with its unambiguous and straightforward instructions voiced in the most basic language.

Here is how this Court's most recent (August 26, 2015) memorandum order reiterated what Killebrew had been ordered to provide nearly four weeks earlier, in its memorandum opinion and order dated July 31, 2015 (the "Opinion"):

> both (1) his identification of his Complaint's "filing date" -- "the date on which Killebrew either mailed the lawsuit papers himself or delivered them to the authorities at the County Jail for mailing" -- and (2) the printout reflecting all transactions in his trust fund account for the six-month period immediately preceding that "filing" date of his Complaint.[1]

---
[1] As the Opinion made plain, that information and that material are essential prerequisites to the case's going forward.

Despite the clarity of that directive, what Killebrew has tendered instead is an In Forma Pauperis Application coupled with a printout of transactions in his trust fund account for a period that

began February 9 and ended July 14 of this year. No answer has been provided as to the Complaint's "filing date," and the trust fund account printout doesn't go back far enough to whatever that filing date would be and doesn't extend as forward as it must (as n.3 of the Opinion stated specifically, the "filing date" had to be not earlier than January 21 and not later than January 27, 2015, so that the trust fund printout had to go back to January 2015 (January 21 at the earliest or January 27 at the latest) and had to end at least as late as to cover the appropriate date in the July 21 to 27 time frame).

With Killebrew still having failed to comply with plain and direct orders of this Court, no reason appears to alter the earlier-ordered disposition of this action. It remains dismissed because of that persistent noncompliance.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 28, 2015