# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TACOREY KILLEBREW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 15 C 6572 |
| ) | |
| COOK COUNTY JAIL SHERIFF ) | |
| TOM DART, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On July 31, 2015 this Court issued its "Opinion" described in this fashion in this later memorandum order dated August 26 (the "August 26 Order"):

> On July 31, 2015 this Court issued a memorandum opinion and order ("Opinion") that expressly identified two delinquencies in the filing of the most recent pro se action by prisoner plaintiff Tacorey Killebrew ("Killebrew") and, among other things, ordered Killebrew "to provide the missing input on or before August 24, 2015."

Those delinquencies were a repeat of Killebrew's performance (more accurately the nonperformance) of his obligations under 28 U.S.C. § 1915 ("Section 1915") that had led to the dismissal of an earlier-filed Killebrew action (15 C 1451).

Because Killebrew's nonperformance of his specific Section 1915 responsibilities adverted to in the Opinion (which importantly included the failure to provide the "mailbox rule" filing date needed for this Court to make the calculation called for by Section 1915(b)(1)) continued beyond the time (nearly a month) specified in the Opinion, the August 26 Order dismissed this action for want of prosecution. And since then several Killebrew filings and nonfilings have not changed the legal landscape.

To begin with, on September 17 Killebrew tendered an In Forma Pauperis Application ("Application") instead of complying with this Court's explicit directives that had identified information he had to submit. As might have been expected, that led to a September 28 memorandum order that reconfirmed its earlier dismissal of this action. Then, because a later printout of all motions listed as "pending" in cases assigned to this Court's calendar inexplicably reflected that September 17 Application as still pending, this Court issued an October 7 memorandum order that confirmed the denial of that Application (Dkt. No. 10) on mootness grounds.

After the passage of some weeks, the case docket reflected a November 2 entry (Dkt. No. 13) that referred to the September 28 memorandum order as having been returned to the Clerk's Office "as undeliverable, return to sender" and then as having been re-mailed to the Cook County Jail with the addition of the Jail's Division number where Killebrew was in custody. But once again Killebrew has flat-out ignored the critical requirement as to the "mailbox rule" -- the date on which he either committed his earlier Complaint to the mails himself or delivered it to the authorities at the County Jail for such mailing. Instead he has provided a printout showing the transactions in his trust fund account for a period that ran from June 13, 2014 to July 14, 2015 -- but once again without any information as to the "mailbox rule" date of filing that sets the end (and therefore the beginning) of the six-month period specified in Section 1915(a)(2). So this Court remains unable to perform its statutorily mandated determination.

It is always a source of regret when what appears to be a potentially viable 42 U.S.C. § 1983 claim goes by the board because of the putative plaintiff's nonperformance of his own

legally-imposed responsibilities. But as illustrated here, there are things that only the plaintiff can supply and about which the assigned Judge cannot act on the basis of an uninformed guess.[1]

                                                                                                          
_____
Milton I. Shadur
Senior United States District Judge

Date: November 17, 2015

---

[1] As the August 26 Order reflects, Killebrew compounds his difficulties by still failing to address his $350 filing fee obligation stemming from his earlier Case No. 15 C 1451.